Argued February 4, affirmed February 24, 1960

STATE OF OREGON *v.* ENGLAND

349 P. 2d 668

*J. Alfred Joiner,* Deputy District Attorney, Corvallis, and *John B. Fenner,* District Attorney, Corvallis, argued the cause and filed briefs for appellant.

*Mark V. Weatherford* and *Harrison M. Weatherford,* Albany, argued the cause for respondent. On the brief were Weatherford & Thompson, Albany.

Before McAllister, Chief Justice, and Perry, O'Connell and Harris, Justices.

PERRY, J.

■ The grand jury returned an indictment against the defendant David C. England seeking to charge him with the crime of involuntary manslaughter. The charging part of the indictment is as follows:

"* * * then and there being, did then and there unlawfully, feloniously and in the commission of a lawful act, to-wit: while disciplining his son Charles Edwin England, age 12, act without due caution and circumspection in that said defendant then and there having a duty to use reasonable force in said disciplining, did strike said Charles Edwin England about the head and face with defendant's hand with force and violence thereby inflicting injuries upon the said Charles Edwin England, and did thereby and in the manner and by the means aforesaid proximately cause and produce the death of him, the said Charles Edwin England, who by reason of said injuries so inflicted, caused and produced, did die in Multnomah County, Oregon on the 8th day of February, 1959."

The trial court sustained the defendant's demurrer thereto on the grounds that the indictment failed to state fact sufficient to constitute a crime and the state has appealed.

ORS 163.040(2) defines the crime of involuntary manslaughter as follows:

"Any person who, in the commission of any unlawful act, or a lawful act without due caution or circumspection, involuntarily kills another, is guilty of manslaughter. The provisions of this subsection shall not apply to the killing of any person where

the proximate cause of such killing is an act or omission defined as negligent homicide in ORS 163.091."

Under certain circumstances the law recognizes a homicide as excusable:

ORS 163.110(1): "The killing of a human being is excusable when committed:

"(1) By accident or misfortune in lawfully correcting a child or servant, or in doing any other lawful act, by lawful means, with usual and ordinary caution and without any unlawful intent."

The parties agree that these statutes are in pari materia and must be construed together. *State v. Powell,* 212 Or 684, 321 P2d 333.

It is the contention of the state that, having alleged the doing of a lawful act in a negligent manner which resulted in a homicide, the indictment fully and sufficiently charges the defendant with the crime of involuntary manslaughter. The difficulty, however, lies in the fact that the indictment alleges that the homicide was the result of a parent lawfully correcting his child "without due caution or circumspection," —in other words, in a negligent manner.

■ Since time immemorial organized society has recognized that the duty of training children while under parental care rests with the parents and thus the law recognizes that parents have the right to "chastise their refractory and disobedient children." The law also requires, for the safety of the child, that the chastisement must not exceed the bounds of due moderation or the law will imply malice, thus making the parent criminally liable. *State v. McDonie,* 96 W Va 219, 123 SE 405, 37 ALR 699, and annotations following; *State v. Spiegel,* 39 Wyo 309, 270 P 1064.

■ Criminal malice or intent is not an element of the crime of involuntary manslaughter. In fact, it is this lack of intent that distinguishes manslaughter from murder. *State v. Nortin,* 170 Or 296, 133 P2d 252.

The parties are agreed, and we agree with them, that ORS 163.110 deals with two distinct situations. The first portion deals with the correction of children and servants, the second portion with human relationships in general. The first portion of this act, which deals solely with the right of a parent to correct a child, or a master his servant, excuses a homicide through accident or misfortune. The second portion, which deals with all other human relationships, excuses a homicide where the act is lawful and performed not in a negligent manner. Had it been the intention of the legislature not to excuse the negligent homicide of a child while being lawfully corrected by a parent the legislature would have included in the first portion, the same as in the last, the words "with usual and ordinary caution." In excluding these words from the parent-child relationship the maxim of "expressio unius est exclusio alterius" is applicable in that, having applied the rule of due care in general to all homicides arising from human relationships, the legislative intent is clearly expressed to exclude the crime of involuntary manslaughter committed through negligence while lawfully correcting a child or servant.

Since the indictment in this case charges only that the defendant as a parent while lawfully correcting his child did so negligently and as a result of his negligence the child died, it states no criminal offense under the laws of this state and the trial court correctly sustained the demurrer to the indictment.

Affirmed.