507 So.2d 154 (1987)
George H. KAMA, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-75.
District Court of Appeal of Florida, First District.
May 8, 1987.
*155 John C. Harrison, Shalimar, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
In this appeal from a conviction for aggravated child abuse, George Kama challenges the trial court's refusal to instruct the jury on allegedly lesser included offenses: misdemeanor child abuse, section 827.04(2), Florida Statutes (1985), and simple battery, section 784.03, Florida Statutes (1985). We affirm.
Appellant was charged with aggravated child abuse upon his ten-year-old stepson, Christopher, on June 11, 1985, in that he "did maliciously punish said child by hitting child across back several times and hitting said child in face with his fist, in violation of section 827.03(3), Florida Statutes."[1] Appellant's wife testified that she called the police because appellant was beating her child, "whopping him with a belt and slapping him in the face and just a little bit out of hand with him." She testified that she had spanked Christopher the day of the incident because he had pulled a knife on the younger children and lied to her about it, and that when appellant came home she told him about the incident with the expectation that he would punish Christopher, who would not listen to her. She testified that Christopher also lied to appellant when asked about the incident, and that appellant then struck the child with his fist, kicked him in the stomach, and pushed him up against the wall.
The officer who answered the call testified that when he arrived at the residence, appellant was sitting on the couch and Christopher was standing against the wall crying, and that he observed marks on the back and face of the child. Christopher testified that appellant spanked him, hit him with his fist in the face, hit him with a belt on the back and "behonkey", kicked him in the stomach, and picked him up off the floor by his ears.
A pediatrician who examined Christopher testified that the child had a number of bruises and scratches on his face and upper body, as well as his buttock, and that some of the bruises on his back were consistent with his having been struck with a belt. A registered nurse who saw Christopher on the evening of the incident testified that he had bruising on various parts of his body. The next morning she took photographs of the child which were shown to the jury.
Appellant's request that the jury be instructed on lesser included offenses of simple battery and misdemeanor child abuse, each punishable by not more than one year incarceration, was denied. The jury found him guilty of aggravated child abuse, a second degree felony punishable by up to fifteen years incarceration. He was sentenced to seven years.
Appellant asserts that the jury should have been allowed to determine whether he violated section 827.04(2) by "permitting" or "allowing" injury to the child, citing Mahaun v. State, 377 So.2d 1158 (Fla. 1979), in which the court referred to the *156 misdemeanor of "culpable negligence" as a lesser included offense of aggravated child abuse. While he admits that ordinary discipline of a child by his parent would not constitute the crime of battery[2], he asserts that a stepfather could be guilty of the crime of simple battery if he "crosses the line" of ordinary acceptable discipline, as he did in this case. He argues that the jury should have been permitted to make this determination and to exercise its "pardon power" by finding him guilty of one of the lesser offenses, asserting that the child abuse in the instant case "was relatively minor compared to the majority of cases of this nature."
The schedule of lesser included offenses contained in the Florida Standard Jury Instructions in Criminal Cases[3] does not include section 827.03, although it does include 827.04. Left without guidance from the Florida Supreme Court on this issue, the trial judge found that a stepparent cannot be guilty of simple battery under section 784.03 for disciplining his stepchild. Implicit in the trial judge's refusal to give the instruction on simple battery is his determination that where the parent "crosses the line" of acceptable discipline, as appellant admittedly did in this case, he commits aggravated child abuse, the offense charged, and not simple battery. We agree with this determination.
Although a person who spanks a child technically commits a battery[4], the parties do not dispute the well established principle that a parent, or one acting in loco parentis, does not commit a crime by inflicting corporal punishment on a child subject to his authority, if he remains within the legal limits of the exercise of that authority.[5] The determination that a parent, or one standing in the position of a parent, has overstepped the bounds of permissible conduct in the discipline of a child presupposes either that the punishment was motivated by malice, and not by an educational purpose; that it was inflicted upon frivolous pretenses; that it was excessive, cruel or merciless; or that it has resulted in "great bodily harm, permanent disability, or permanent disfigurement".[6] Otherwise, persons in positions of authority over children would have no way to judge the propriety of their conduct under the criminal standard.
Historically, the Florida Legislature has specifically provided criminal sanctions against those who mistreat children, even though other statutory provisions generally proscribe assault, battery, false imprisonment, *157 and culpable negligence.[7] The logical conclusion to be drawn from the current statutory scheme is that the legislature intended that reasonable discipline of *158 children be privileged, but that when the person in authority over a child inflicts punishment greater than that which he is privileged to inflict, he commits a serious offense, aggravated child abuse, not merely a misdemeanor nonconsensual touching. Otherwise, there would be no need for a special statute defining aggravated child abuse to include aggravated battery; the standard concepts of battery and aggravated battery would be sufficient.
It is because the law permits, by privilege, a simple battery in the administration of discipline by one in authority over a child that the offense of aggravated child abuse must be so defined. Appellant's contention is that there must be some offense less serious than a second degree felony for a battery which exceeds the legal limits of a parent's disciplinary authority. The legislature has not so provided, and such an unconstitutionally ambiguous standard would not provide the means for judging the acceptable boundaries of disciplinary conduct. The offense of battery covers a broad range of conduct, from an intentional "unconsented to" touching, to the intentional infliction of bodily harm. The courts have no authority to artificially create degrees of battery not defined within the statute.
It is not possible to legislatively lay down any fixed parameters of "reasonable discipline" of a child. Whether in any particular *159 case the punishment inflicted was permissible or excessive must necessarily depend on the age, condition, and disposition of the child, as well as the attendant circumstances.[8] This determination must be made by the jury under proper instruction. In the case at issue, a jury instruction on simple battery, given in conjunction with an instruction on aggravated child abuse, would only have confused the members of the jury, as it would have presented them with conflicting standards of authorized punishment of a child by its parent.
Aggravated child abuse is a unique statutory creature which does not appear to have a lesser included offense when the offender is a person entrusted with the care and discipline of the child victim. Although in some cases, not involving discipline of a child by a parent or other person in authority over him, the offense of aggravated child abuse may include simple battery, the trial judge properly found that battery was not a lesser included offense in this case, and therefore did not abuse his discretion in refusing to instruct the jury on simple battery.
Similarly, the trial judge properly found that misdemeanor child abuse was not a lesser included offense of aggravated child abuse in this case. Section 827.04(2), is violated when a person allows a child to be deprived of necessary food, clothing, shelter, or medical treatment, or through culpable negligence permits physical or mental injury to a child. The uncontroverted evidence in this case is that appellant inflicted injury upon the child, not that he "permitted" injury to the child, as contemplated by section 827.04(2).[9] The trial judge therefore did not abuse his discretion in refusing to instruct the jury on misdemeanor child abuse.
Because we can find no indication why the schedule of lesser included offenses in the Florida Standard Jury Instructions in Criminal Cases does not include section 827.03, we certify, as a matter of great public importance, the following question:
WHAT, IF ANY, ARE THE CATEGORY 1 AND 2 LESSER INCLUDED OFFENSES FOR THE CRIME OF AGGRAVATED CHILD ABUSE UNDER SECTION 827.03, FLORIDA STATUTES (1985)?
The conviction is AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, J., dissents, with written opinion.
ERVIN, Judge, dissenting.
In my judgment, both simple battery and misdemeanor child abuse are necessarily lesser included offenses to that of aggravated child abuse. The fact that the charged offense of aggravated child abuse is not contained in the Florida Standard Jury Instructions in Criminal Cases does not of course compel the conclusion that the two requested offenses cannot be considered necessarily lesser included offenses to that of the charged offense. See In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla. 1981), recognizing that the instructions listed were not intended to be all inclusive and that the supreme court's approval of the standard instructions would not "relieve the trial judge of his responsibility under the law properly and correctly to charge the jury in each case as it comes before him."
*160 I find nothing in the Florida Statutes evincing any legislative intent to absolve a parent or one standing in loco parentis from guilt for the commission of a simple battery upon a child placed in his or her care. Florida has by statute, Section 2.01, Florida Statutes, adopted the common law rule of England which was in existence as of July 4, 1776. At common law it was recognized that the parent "may lawfully correct his child, being under age, in a reasonable manner; for this is for the benefit of his education." 1 W. Blackstone, Commentaries on the Laws of England, 440 (Oxford Reprint, 1966). The power of a parent "to moderately chastise for correction a child under his or her control and authority" is also acknowledged by Florida case law. See Marshall v. Reams, 32 Fla. 499, 14 So. 95, 97 (1893).
By analogy, "[t]he prevalent rule in this country today privileges such force as a teacher or administrator `reasonably believes to be necessary for [the child's] proper control, training, or education.' Restatement (Second) of Torts § 147(2) (1965)." Ingraham v. Wright, 430 U.S. 651, 661, 97 S.Ct. 1401, 1407, 51 L.Ed.2d 711, 724 (1977). Moreover, in instances where state legislatures have not acted either to permit or prohibit the use of corporal punishment in the public schools,[1] "state courts have uniformly preserved the common law rule permitting teachers to use reasonable force in disciplining children in their charge." 430 U.S. at 663, 97 S.Ct. at 1408, 51 L.Ed.2d at 725. (emphasis supplied)
If the right of a parent or one standing in loco parentis extends only to inflict reasonable or moderate corporal punishment, what then is the penalty that may be inflicted upon a parent who oversteps the bounds of proper parental correction? The majority, relying upon statutory authority, primarily aggravated child abuse, proscribed by Section 827.03, Florida Statutes, is of the view that the legislature has manifested its intent that a parent or one standing in place thereof cannot be guilty of the lesser requested offenses. In so deciding, the majority has in effect aligned itself with the minority of state jurisdictions holding that a parent can only be subjected to criminal liability if the punishment inflicted causes permanent injury, or proceeds from malice and is not in the exercise of lawful authority. See Annotation, 89 A.L.R.2d 396, 400 (1963). To the contrary, however, the decided preponderance of authority is that a parent, or one in loco parentis, in meting out punishment on a child cannot exceed the bounds of moderation, and must not be cruel and merciless, and "that any act of punishment in excess of such limits is unlawful... ." Id. at 400-401 (emphasis supplied).
The issue before us is somewhat similar to that before the court in Carpenter v. Commonwealth, 186 Va. 851, 44 S.E.2d 419 (1947). There a foster parent had contended that the trial court did not correctly instruct the jury at a trial culminating in the defendant's conviction for assault and battery on a seven-year-old girl who had been placed in his care. The defendant argued that the instruction, generally advising that a parent or one standing in the parent's place could be criminally liable for assault and battery if he exceeded or abused his authority to correct the child, and in the course thereof inflicted corporal punishment that exceeded the bounds of due moderation, was misleading on the ground that one standing in the place of the parent was privileged to use corporal punishment that exceeds the bounds of moderation without being subjected to prosecution. The Virginia Court of Appeals rejected this argument and applied the majority rule imposing criminal liability on a parent, or one standing in similar authority, in the event he or she immoderately *161 punishes a child. The court considered that the question of whether the punishment inflicted was excessive, unreasonable or cruel was appropriately one for the jury, concluding as follows:
Words such as "due," "moderate," "necessary," and "reasonable" as applied to chastisement are ever changing according to the ideas prevailing in our minds during the period and conditions in which we live. Where a question is raised as to whether punishment has been moderate or excessive, the fact is one for the jury to determine from the attending circumstances, considering the age, size and conduct of the child, the nature of his misconduct, the nature of the instrument used for punishment, and the kind of marks or wounds inflicted on the body of the child. For the reasons stated, the necessity for defining the words used in instruction number 1 did not arise.
Id. 44 S.E.2d at 424-425 (emphasis supplied).
Similarly, I do not know why the trial court below could not properly charge a jury that the defendant's unreasonable conduct might make him criminally liable for simple battery, without, in the majority's words, creating "an unconstitutionally ambiguous standard." Ante at 158. The question of whether a defendant's conduct can be viewed so excessive as to make him subject to prosecution is one uniquely for a jury's determination, pursuant to appropriate instruction from the court. Juries are frequently asked to decide difficult cases in accordance with instructions involving general, and arguably, ambiguous language. The rule commonly applied is that if the instructions correctly state the law under any supposable state of facts provable under the issues, an appellate court will not consider them erroneous in the absence of evidence to the contrary. 3 Fla.Jur. Appellate Review § 325 (1978).
In the case below, the trial judge, without the benefit of a standard instruction, correctly explained to the jury that the word "maliciously", as used in section 827.03(1)(c), means "wrongfully, intentionally, without legal justification or excuse." Evidence of a malicious act by the parent is not, however, required by the majority rule, because, as stated, a parent or other person standing in such authority may be criminally prosecuted if his act of punishment only exceeds the bounds of moderation. If the rule approved by the majority's opinion is correct, a parent who exceeds the bounds of moderation in disciplining his child would be considered to have exercised a legal right, and therefore be exempt from prosecution, unless the punishment were maliciously inflicted or otherwise fell within the parameters of section 827.03. Such a construction is, I maintain, at variance with the legislative purpose.
The standard jury instruction on battery permits the trial judge to instruct the jury that before it finds the defendant guilty of battery, the state must prove beyond a reasonable doubt that the defendant either intentionally touched or struck the victim against his will or that he intentionally caused bodily harm to the victim. Since battery, as defined under Section 784.03, Florida Statutes, involves a nonconsensual touching, the jurors could appropriately be instructed that if the force used by the defendant was considered by them to be reasonable or within the bounds of moderation, they could properly conclude the punishment inflicted was consensual. If, on the other hand, the force was considered by them in excess of the bounds of moderation, but not so excessive as to fall within the proscriptions of section 827.03, the defendant could be found guilty of the lesser offense of battery. Otherwise, I see no impediment to the trial court's use of the standard charge of battery, as modified by an instruction similar to that used in Carpenter.
Additionally I would observe that although the schedule of lesser included offenses in the Standard Jury Instructions in Criminal Cases does not, as noted by the majority, list an instruction for the offense of aggravated child abuse, it does include an instruction for aggravated battery, which lists thereunder as a category one offense, the lesser offense of simple *162 battery. While the precise conduct that the state's information below charged appellant with committing did not relate to aggravated battery, but rather malicious punishment, proscribed by section 827.03(1)(c), all of the elements of simple battery are necessarily included in the offense of aggravated battery, accomplished by malicious punishment, since the information alleged that the abuse occurred by maliciously punishing the child by "hitting child across back several times and hitting said child in face with his [appellant's] fist... ." Any offense which is an essential aspect of the major offense is a necessarily included offense, because "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." Brown v. State, 206 So.2d 377, 382 (Fla. 1968). By analogy, the failure to instruct on the next lesser necessarily included offense of simple battery to aggravated battery has been held reversible error. Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984).
If, as I believe, simple battery is a necessarily included offense to that of aggravated child abuse, the refusal to give such instruction is reversible error. See State v. Wimberly, 498 So.2d 929 (Fla. 1986) (an instruction must be given on necessarily lesser included offenses).
In my judgment, misdemeanor child abuse is also a necessarily lesser included offense to aggravated child abuse. Although I am not sure that the conduct described in Section 827.04(2), Florida Statutes, subjecting one to a misdemeanor offense if he "knowingly or by culpable negligence permits physical ... injury to a child" contains all the language that makes it "an essential aspect of the major offense" of aggravated child abuse, nevertheless an instruction that it is a lesser offense appears to be required by Mahaun v. State, 377 So.2d 1158, 1159 (Fla. 1979) (defendant appropriately convicted of lesser included misdemeanor of culpable negligence to the charged offense of aggravated child abuse).
For the above reasons, appellant's conviction should be reversed and the case remanded for new trial.
NOTES
[1] Section 827.03(3), Florida Statutes (1983), charges aggravated child abuse by maliciously punishing a child. Chapter 84-238, Laws of Florida, which took effect on October 1, 1984, renumbered the statute so that aggravated battery by maliciously punishing a child is now section 827.03(1)(c). Appellant waived this technical defect in the charging document by failing to object to the incorrect statutory citation.
[2] See 6 Am.Jur.2d, Assault and Battery § 47 and cases cited therein. See also Annot., 89 A.L.R.2d 396 (1963) and Annot., 1 A.L.R.4th 38 (1980). See also Marshall v. Reams, 32 Fla. 499, 14 So. 95 (1893), in which the court reaffirmed the right of a parent, or one standing in loco parentis, to moderately chastise for correction a child under his authority.
[3] The schedule is "designed to be as complete a listing as possible for each criminal offense of the possible category 3 [necessarily included offenses] and category 4 lesser included offenses" and "an authoritative compilation upon which a trial judge should be able to confidently rely," In the Matter of the Use By the Trial Courts Of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594, 597 (Fla. 1981).
[4] "Battery" is defined by section 784.03, Florida Statutes (1985):

(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
[5] See the authorities cited in footnote 2.
[6] Section 827.03, Florida Statutes (1985) defines "aggravated child abuse":

(1) "Aggravated child abuse" is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
(b) Willfully tortures a child;
(c) Maliciously punishes a child; or
(d) Wilfully and unlawfully cages a child.
"Aggravated battery" is defined by section 784.045:
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
"Torture" is defined by section 827.01(3) as "every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused." This would appear to cover any "battery" greater than privileged discipline.
[7] In "An Act to Punish Cruelty to Children," the 1899 Florida Legislature provided:

Any person who shall in this State torment, deprive of necessary sustenance, or raiment, or unnecessarily or excessively chastise, or shall mutilate his or her child or ward, or who shall willfully deprive such child or ward of necessary medical attention, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding five hundred dollars, or both such fine and imprisonment at the discretion of the Judge trying the case.
Ch. 4721, Laws of Fla. (1899). This statute proscribes mistreatment of children by parents or others standing in loco parentis; presumably, general proscriptions against assault, battery, and other offenses were deemed sufficient to cover mistreatment of children by those not entrusted with their care and discipline.
Chapter 4971, Laws of Florida (1901), entitled "An Act for the Prevention of Cruelty to Children and Animals, and to Rescue Children from Immoral Surroundings," added a somewhat expanded protection for children. Section 1 provided:
Whoever tortures, torments, cruelly or unlawfully punishes, or wilfully, unlawfully or negligently deprives of necessary food, clothing, or shelter, any person under the age of sixteen years; and whoever, having control of, or being the parent or guardian of any child or children under the age of sixteen years, wilfully abandons such child or children, or tortures, torments, cruelly or unlawfully punishes, or wilfully or unlawfully and negligently deprives of necessary food, clothing, or shelter, such child or children, shall on conviction be fined not more than five hundred dollars, or imprisoned not more than six months, or both.
These two enactments were codified in 1906 under an article entitled "Cruelty to Children", as sections 3238 and 3236, General Statutes of the State of Florida. In 1920, they were renumbered as 5071 and 5069, Revised General Statutes of the State of Florida.
In 1923, section 5071 (the 1899 enactment) was amended to delete the word "medical" and add in its place "treatment and", and to provide for repeal of all conflicting laws. Ch. 9331, Laws of Florida (1923). Both provisions were again renumbered in 1927 as 7173 and 7171, Compiled General Laws of Florida.
In 1941, the completely revised and recompiled statutory law of Florida was issued as Florida Statutes (1941). Section 828.04, under a chapter entitled "Cruelty to Children and Animals," combined the earlier provisions cited above. Chapter 65-113, Laws of Florida, amended section 828.04, entitled "Torturing or unlawfully punishing children," to provide increased sanctions for intentional mistreatment of children:
Whoever tortures, torments, cruelly or unlawfully punishes, or willfully with malice, wantonly or unlawfully deprives of necessary food, clothing or shelter any person under the age of sixteen (16) years, and whoever wilfully with malice or wantonly torments or deprives of necessary sustenance or raiment, or unnecessarily or excessively chastises, or mutilates his child or ward, or whoever willfully with malice or wantonly deprives such child or ward of necessary treatment or attention, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment not exceeding two (2) years, or by fine not exceeding two thousand dollars ($2,000.00) or both.
The 1965 legislature also added section 828.042, entitled "Negligent treatment of children":
Whoever negligently deprives of necessary food, clothing, or shelter any person under the age of sixteen (16) years, and whoever negligently and without malice deprives of necessary sustenance or raiment, or negligently and without malice deprives of necessary treatment and attention his child or ward, is guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment not exceeding six (6) months, or by fine not exceeding five hundred dollars ($500) or both.
Chapter 70-8, Laws of Florida, substantially reworded section 828.04, dividing it into two sections and providing for increased penalties for the more serious offense (section 1):
(1) Whoever unlawfully or willfully tortures, cages, or mutilates, or whoever cruelly, wantonly, or with malice, torments or punishes, any child under the age of sixteen years or whoever, in committing a battery upon any child under the age of sixteen years, intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement to such child is guilty of a felony and upon conviction shall be punished by imprisonment not exceeding 20 years in the state penitentiary or by fine not exceeding $10,000 or both.
(2) Whoever willfully or wantonly deprives of necessary food, clothing, shelter any child under the age of sixteen years, whoever willfully or wantonly deprives of necessary sustenance, raiment, treatment, or attention his child or ward, or whoever willfully or wantonly, unnecessarily or excessively chastises his child or ward, is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary not exceeding 2 years or by fine not exceeding $2,000 or both.
In 1971, the legislature classified violation of section 828.04(1) as a second degree felony (punishable by up to 15 years imprisonment in the state penitentiary, or a fine of $10,000, or both), violation of section 828.04(2) as a first degree misdemeanor (punishable by up to 1 year imprisonment in the county jail, or a fine of $1000, or both), and violation of section 828.042 as a second degree misdemeanor (punishable by up to 60 days imprisonment in the county jail, or a fine of $500, or both). Ch. 71-136, Laws of Fla.
Chapter 74-383, Laws of Florida, substantially reworded the statutes proscribing assault (section 784.011), aggravated assault (section 784.021), battery (section 784.03), aggravated battery (section 784.045), and culpable negilgence (section 784.05). Chapter 828 was renumbered and amended to define as a child anyone under 18 years of age, to define "torture" (see footnote 6), and to proscribe various forms of mistreatment of children, including aggravated child abuse, section 827.03:
Whoever:
(1) Commits aggravated battery on a child;
(2) Willfully tortures a child;
(3) Maliciously punishes a child; or
(4) Willfully and unlawfully cages a child shall be guilty of a felony of the second degree, punishable as provided in chapter 775.
Section 827.04 defined felony and misdemeanor child abuse (the felony punishable by up to 5 years imprisonment and up to $5000 fine; the misdemeanor punishable by up to 1 year imprisonment and up to $1000 fine):
(1) Whoever willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits the physical or mental health of the child to be materially endangered, and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to such child shall be guilty of a felony of the third degree, punishable as provided in chapter 775.
(2) Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits the physical or mental health of the child to be materially endangered, shall be guilty of a misdemeanor of the first degree, punishable as provided in chapter 775.
Section 827.05 defined "negligent treatment of children", a second degree misdemeanor punishable by up to 60 days imprisonment and up to $500 fine:
Whoever negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment is guilty of a misdemeanor of the second degree, punishable as provided in chapter 775.
The 1974 legislature also created section 827.06 to define the first degree misdemeanor of "persistent nonsupport."
Chapter 77-73, Laws of Florida, amended section 827.04 to add a third section proscribing the offense of contributing to the delinquincy or dependency of a child. Chapter 77-429, Laws of Florida, amended sections 827.04(1) and (2) to substitute "permits physical or mental injury to the child" in place of "permits the physical or mental health of the child to be materially endangered." Section 827.05 was substantially amended:
Whoever, though financially able, negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical or emotional health to be significantly impaired or is in danger of being significantly impaired shall be guilty of a misdemeanor of the second degree, punishable as provided in chapter 775.
Chapter 83-75, Laws of Florida, created section 827.071, defining offenses involving "sexual performances" by a child. Chapter 84-238, Laws of Florida renumbered the subsections in section 827.03, but did not substantively change the statute (see footnote 1).
[8] Nabors v. State, 508 S.W.2d 650 (Tex.Cr.App. 1974).
[9] Appellant's reliance on the dicta in Mahaun v. State, 377 So.2d 1158 (Fla. 1979), is misplaced. Mahaun involved a mother and stepfather charged under 1975 statutes with felony murder and the underlying felony of aggravated child abuse in the death of a child. The stepfather was convicted of both charges; the jury found the mother guilty of the misdemeanor offense of culpable negligence and felony murder. The court's holding was that the mother could not be convicted of felony murder without the underlying felony. The Mahaun opinion referred to culpable negligence as a lesser included offense of aggravated child abuse. George Kama did not request a jury instruction on culpable negligence, a misdemeanor under section 784.05, Florida Statutes (1985), but even if he had, the uncontroverted evidence in this case would not appear to support such an instruction.
[1] Section 232.27, Florida Statutes, permits the use of corporal punishment in the event that a teacher feels that such punishment is necessary for the purpose of maintaining good order, and provides that certain guidelines shall be prepared by the principal, identifying, among other things, the conditions under which the punishment shall be administered. Section 232.275, Florida Statutes, subjects a teacher and certain other members of the school personnel to civil or criminal liability in the event of the use "of excessive force of cruel or unusual punishment." (emphasis suppplied)