WALDEN, Judge,
dissenting.
Larry James Toronto upon trial by jury was convicted of aggravated child abuse/malicious punishment. He was sentenced to one year and one day in prison to be followed by probation, plus a fine of $10,000.00. I would reverse.
And so, I respectfully dissent because in my judgment, as a matter of law, the defendant’s conduct did not constitute aggravated child abuse/malicious punishment. Taking all the evidence most favorable to the State, it does not appear that the punishment was motivated by malice as opposed to an educational purpose. It does not appear that the punishment was inflicted upon frivolous pretence; that it was excessive, cruel or merciless; or that it resulted in great bodily harm, permanent disability, or permanent disfigurement. Kama v. State, 507 So.2d 154, 158-159 (Fla. 1st DCA 1987). While, indeed, Kama (at page 159) goes on to recite with reference to guilt, “this determination must be made by the jury under proper instruction,” I am of the opinion that this is a general statement and that these are instances, as may occur in all criminal cases, where the proofs will not support a conviction as a matter of law. In such case it is the duty of the trial court to withdraw the case from the jury by granting a motion for judgment of acquittal. See generally 15 Fla.Jur.2d Criminal Law § 754.
I would reverse.