744 So.2d 1237 (1999)
Nancy WILSON, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 98-3295.
District Court of Appeal of Florida, First District.
November 17, 1999.
*1238 Nancy A. Daniels, Public Defender; Glen P. Gifford and Theresa A. Marvin, Assistant Public Defenders, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
MINER, J.
In pleading no contest below to the reduced charge of simple or felony child abuse under section 827.03(1)(b), Florida Statutes (1997), appellant reserved the right to appeal the issues raised in her motion below filed under Florida Rule of Criminal Procedure 3.190(c)(4). Having heard oral argument and considered the briefs, including the supplemental briefs, we grant appellant's request for a belated appeal and hold that the trial court erred as a matter of law in denying appellant's (c)(4) motion.
Appellant initially was charged with aggravated child abuse by malicious punishment under section 827.03(2)(b), Florida Statutes. Appellant filed a sworn motion to dismiss the charge pursuant to Rule 3.190(c)(4). In the motion, appellant admitted that, in an attempt to discipline her son, she slapped the six year old a single time across the face with an open hand because he was throwing a temper tantrum and had ignored her repeated instructions to behave. She acknowledged that the investigating officer had observed a red mark on the boy's face, but noted that there was no broken skin or blood and the child had not required any medical attention.[1] She argued that these undisputed facts did not establish a prima facie case of either aggravated or the lesser offense of felony child abuse in light of a parent's right to administer nonexcessive corporal punishment. The court granted the motion in part. Noting that the state had stipulated that appellant's single open handed slap caused a bruise and redness, the court found as a matter of law that this act did not rise to the level of aggravated child abuse and reduced the charge to simple or felony child abuse under section 827.03(1)(b), Florida Statutes. The court, however, denied appellant's motion in part, determining that the question of whether appellant's action constituted third degree felony child abuse was a factual determination. Appellant then pled no contest to the latter crime and reserved the right to appeal the issue raised in her (c)(4) motion.
When a defendant moves to dismiss an information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the defendant has the burden to "allege undisputed material facts, and show that the undisputed facts do not establish a prima facie case." Griffin v. State, 711 So.2d *1239 1195 (Fla. 1st DCA 1998). On appeal from denial of a(c)(4) motion,
[t]his court is required to review the trial court's ruling resolving inferences from all facts in the light most favorable to the State. Boler v. State, 678 So.2d 319 (Fla.1996); State v. Parrish [567 So.2d 461 (Fla. 1st DCA 1990) ]. This court moreover must determine, not whether a jury would find a defendant guilty of the charged crime but, rather, whether the facts could be sufficient for a jury to convict a defendant. State v. Knight, 622 So.2d 188 (Fla. 1st DCA 1993).
Id. at 1195-96.
Appellant was originally charged with maliciously[2] punishing her child, a second degree felony under section 827.03(2)(b), Florida Statutes (1997).In Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987), this court reviewed the parameters of the common law privilege of a parent to administer corporal punishment to his or her minor child in the context of this and other criminal statutes. See Marshall v. Reams, 32 Fla. 499, 14 So. 95, 97 (1893) ("We do not desire to be understood as denying the right of a parent, or one standing in loco parentis, to moderately chastise for correction a child under his or her control and authority...."). Kama was charged with aggravated child abuse by malicious punishment, and this court affirmed the denial of his request that the jury be instructed on the lesser crime of battery.[3] The majority noted the "well established principle that a parent, or one acting in loco parentis, does not commit a crime by inflicting corporal punishment on a child subject to his authority, if he remains within the legal limits of the exercise of that authority." Id. This court continued its analysis as follows:
It is because the law permits, by privilege, a simple battery in the administration of discipline by one in authority over a child that the offense of aggravated child abuse must be so defined. Appellant's contention is that there must be some offense less serious than a second degree felony for a battery which exceeds the legal limits of a parent's disciplinary authority. The legislature has not so provided, and such an unconstitutionally ambiguous standard would not provide the means for judging the acceptable boundaries of disciplinary conduct. The offense of battery covers a broad range of conduct, from an intentional "unconsented to" touching, to the intentional infliction of bodily harm.
Id. at 158 (emphasis added).[4]
Under Kama, it is clear that the trial court was correct to find that the facts in the instant case did not constitute aggravated child abuse as a matter of law. Our analysis in Kama, however, also serves as the basis for our determination that the trial court erred as a matter of law in denying appellant's (c)(4) motion in part as to the lesser charge of felony child abuse.
In granting appellant's (c)(4) motion, the court reduced the charge to simple or felony child abuse under section 827.03(1)(b) and denied the (c)(4) motion as to this charge. Appellant pled no contest to this third degree felony under section *1240 827.03(1)[5](emphasis added), which provides as follows:
(1) "Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child;
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child. A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree....
This new crime of felony child abuse was enacted well after our Kama decision as part of the legislature's 1996 revision and amendment of the criminal child abuse statutes. See Ch.96-322, Laws of Florida; 827.04(2), Fla. Stat. (1995). The above statute does not define or refer to the parental privilege of corporal discipline, and we have found no cases that address this felony child abuse offense in interaction with it. By its express terms, however, the statute clearly excludes those actions that constitute aggravated child abuse and includes actions that constitute simple battery. We stated in Kama that a simple battery, which consists of actions ranging from an intentional unconsented to touching to the infliction of bodily harm, occurring in the administration of discipline by one in authority over a child is privileged by law. Kama v. State, 507 So.2d at 158. This privilege thus extends to simple or felony child abuse. We are mindful of the cautionary words of the Fifth District in Moakley v. State, 547 So.2d 1246 (Fla. 5th DCA 1989):
Some persons hold the belief that children should never be struck for punishment, others (including many county school boards) feel that corporal punishment is a necessary tool to maintain proper discipline. The fact that there are differing opinions among rational people leads to the conclusion that before criminal sanctions can be imposed more careful consideration of the surrounding facts must be given to determine whether a crime has been committed.... [T]he law should be quite careful about intrusion into family relationships and must tread most lightly in borderline cases.
Id. Under our analysis and holding in Kama, we determine that where the undisputed facts demonstrate that a parent has employed corporal punishment to discipline his or her minor child, as in the instant case, that parent is exempt from prosecution under the felony child abuse statute. Thus, with regard to the privilege of corporal punishment, the line between privilege and crime remains with the state's responsibility to prove "malice" under the aggravated child abuse statute.
In the instant case, the state agreed that the facts did not rise to the level of aggravated child abuse, and the court was correct to grant appellant's (c)(4) motion as to that charge. The court, however, erred, in denying appellant's motion with regard to the lesser charge of felony child abuse. The undisputed facts in this case, taken in the light most favorable to the state, establish a privileged battery in the course of discipline, which is also privileged under the felony child abuse statute. Where the line between permissible and excessive punishment is crossed, the act is punishable as aggravated *1241 child abuse. Accordingly, we reverse appellant's conviction and sentence.
BOOTH and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] In response to an inquiry by the court during oral argument, appellant's counsel advised that the incident at issue here was reported to authorities by the child's father. At that time, he and appellant were engaged in divorce proceedings.
[2] According to Florida's Standard Criminal Jury Instruction for the offense, "maliciously" means "wrongfully, intentionally, without legal justification or excuse."
[3] Battery, a misdemeanor, occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." § 784.03(1), Fla. Stat.
[4] The Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases lists battery as a permissive lesser included offense of aggravated child abuse "only under certain circumstances see Kama v. State."
[5] The statute does not define "physical injury." The Standard Jury Instruction for aggravated child abuse, however, references a statutory definition in a similar context, which defines the term as meaning "death, permanent or temporary disfigurement or impairment of any bodily part." See § 415.503(10), Fla. Stat. (1997). In addition, the term has been held not to be impermissibly vague. See State v. Bley, 652 So.2d 1159 (Fla. 2d DCA), review denied, 660 So.2d 712 (Fla.1995). See also State v. Riker, 376 So.2d 862 (Fla.1979) (holding term "mental injury" not impermissibly vague).