792 So.2d 476 (2001)
Willie RAFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4341.
District Court of Appeal of Florida, Fourth District.
January 17, 2001.
*477 Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
We withdraw our previous opinion which was filed on September 20, 2000 and substitute the following opinion.
Appellant, in attempting to discipline an eight-year-old child of the woman he had been living with for several months, struck him approximately three times with a belt, leaving welts which were visible the next day. He was convicted of third degree felony child abuse. He appeals, arguing that he was convicted of a crime with which he was not charged as a result of improper jury instructions and that he had a parental privilege to punish the child as he did. We affirm his conviction, but reverse the multiple sentences imposed.
In a statement appellant gave the police, which was in evidence, he related that he had been living with the eight-year-old victim and his mother for months. The victim had a bowel control problem which would cause him to defecate in his pants when he got excited. Appellant told the police he had been attempting to discipline the victim in order to teach him to control this problem in the past, and this time he hit the victim with a belt about three times. The victim had also been playing with the telephone, which he was not allowed to do. The victim's mother was not home when appellant inflicted the punishment, but appellant told the mother what had happened when she came home.
The victim's father picked him up the next day, and after being told what happened, took him to the police station where photographs were taken. The photographs show textured bruises on the boy's buttocks, leg, and back, approximately two inches wide, which were consistent with being struck three times with a belt. There was no indication of bleeding.
The information charged appellant with committing the second degree felony of aggravated child abuse under section 827.03(2)(b), Florida Statutes (1997), for maliciously punishing the child by striking *478 him with a belt. Section 827.03(2)(b) provides that a person is guilty of aggravated child abuse when that person
(b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; ...
At the jury instruction conference the court, over the defendant's objection, decided to instruct the jury on the lesser included offense of child abuse, a third degree felony, which is defined in section 827.03(1) as:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; ...
After deliberating some time, the jurors asked the court some questions about the instructions, and at that point the trial court recognized that it had improperly instructed the jury. Instead of instructing the jury on the lesser included offense of third degree child abuse, it had instructed the jury concerning an alternative ground of second degree (aggravated) child abuse which is found in section 827.03(2)(c) and which was not charged. This mistake may have resulted from the fact that our standard jury instruction on child abuse contains incorrect statute numbers, because it has not been updated to conform with changes made by the legislature in 1996.[1] Fla.Std.Jury Instr. (Crim.) [P. 159-61].
The trial court suggested that it reinstruct the jury, but appellant objected to that and threatened to move for a mistrial if the court did reinstruct the jury. Appellant requested that the court instruct the jury that it could no longer consider that lesser included offense, but the state objected. Ultimately, the court offered to sentence appellant as if he had been convicted of the lesser included crime, a third degree felony, if the jury found him guilty of the lesser included offense, which, because of the error in the instructions, was second degree child abuse. Appellant's counsel responded that he would "have a hard time saying I was prejudiced by that one," and the discussion ended.
The jury found appellant guilty of child abuse as defined in section 827.03(2)(c), the second degree felony on which the jury was erroneously instructed, but which was not charged. As it had agreed to do, the trial court sentenced appellant as if he had been convicted of the lesser included offense of third degree child abuse.
Appellant argues that he was found guilty of an offense with which he was not charged, an error which is fundamental and can therefore be raised for the first time on appeal. Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995) ("Where instructions for a different crime from that which the defendant is charged and convicted are read to the jury, the verdict as to that crime is a nullity .... The error is clearly fundamental and requires reversal."); Moore v. State, 496 So.2d 255, 256 (Fla.App. 1st DCA 1986) ("A verdict which finds a person guilty of a crime not charged is a nullity.")
The state argues that appellant waived this error when he responded to the court's offer to sentence on the lesser included by stating that under those circumstances there would be no prejudice. Appellant responds that he was only making the best of a bad situation, and points out *479 that he had objected to any lesser included instruction being given in the first place.
Our resolution of this issue depends on whether a lesser included instruction should have been given and whether appellant could have been convicted of a lesser included offense. Appellant's argument is grounded on the parental privilege to discipline a child and is based on Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987), in which a stepfather was charged with inflicting injuries including bruises consistent with being struck by a belt. The stepfather's conviction of aggravated child abuse was affirmed, and the court addressed parental privilege:
Although a person who spanks a child technically commits a battery, the parties do not dispute the well established principle that a parent, or one acting in loco parentis, does not commit a crime by inflicting corporal punishment on a child subject to his authority, if he remains within the legal limits of the exercise of that authority. The determination that a parent, or one standing in the position of a parent, has overstepped the bounds of permissible conduct in the discipline of a child presupposes either that the punishment was motivated by malice, and not by an educational purpose; that it was inflicted upon frivolous pretenses; that it was excessive, cruel or merciless; or that it has resulted in "great bodily harm, permanent disability, or permanent disfigurement". Otherwise, persons in positions of authority over children would have no way to judge the propriety of their conduct under the criminal standard.
Id. at 156. (footnotes omitted).
The Kama court held that, based on the statutes in effect at that time, there were no lesser included offenses of aggravated child abuse. At the time Kama was decided, the legislature had, so far as parents were concerned, only criminalized aggravated child abuse by prohibiting corporal punishment that was malicious or amounted to aggravated battery. § 827.03, Fla. Stat. (1985). Although the crimes of third degree felony or misdemeanor child abuse existed, they were only applicable to third persons, not parents or those standing in the shoes of parents. Kama, 507 So.2d at 159. The Kama court arrived at that conclusion because, under [then numbered] section 827.04, third degree and misdemeanor child abuse were defined as being committed by a person who "permits the physical or mental health of the child to be materially endangered." The Kama court held that those statutes were not applicable to persons who "inflicted" injury. Id.
We agree with appellant that he was in such a relationship with the mother and child, which included the authority to discipline, so as to enable him to raise the parental privilege as an affirmative defense.[2]Kama discussed the privilege in terms of "a parent, or one standing in the position of a parent." Id. at 156. See also, State v. Coffman, 746 So.2d 471 (Fla. 2d DCA 1998). We do not agree, however, with appellant's argument that Kama precludes conviction for a lesser included offense.
Appellant's argument fails to recognize that shortly after Kama was decided in 1987, the legislature amended third degree felony and misdemeanor child abuse, as defined in section 827.04, by substituting "inflicts or permits the infliction of" for the prior statutory language which only said *480 "permits the infliction of." Ch. 88-151, § 4, Laws of Fla. Accordingly, since 1988, a parent or the equivalent could be convicted of lesser included offenses. We thus disagree with the appellant that, under Kama, he cannot be convicted of the lesser included third degree child abuse. We interpret the 1988 legislative changes following Kama as eliminating the parental privilege recognized by Kama under the pre-1988 statutes except for simple battery, e.g., a typical spanking. 507 So.2d at 156.
Appellant also relies on a case decided after he was convicted, Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999), in which the first district adhered to its analysis in Kama that there are no lesser includeds applicable to a parent or equivalent charged with aggravated child abuse. In Wilson, however, the first district failed to recognize that the legislature had, in 1988, materially changed the statutes on which the Kama rationale was predicated. We thus disagree with Wilson and certify direct conflict with it.[3]
Appellant's argument that he was convicted of a crime with which he was not charged is based entirely on his argument that third degree child abuse is not a lesser included offense of aggravated child abuse. His only authority to support that proposition is Kama, which we have found distinguishable, and Wilson, with which we disagree. Under section 827.03(1)(a), the intentional infliction of physical injury on a child is third degree child abuse. The information in this case, which charged appellant with aggravated child abuse, inflicting physical injury by maliciously punishing a child, alleged all of the statutory elements of the lesser offense. Third degree child abuse was, accordingly, a lesser included offense. State v. Wimberly, 498 So.2d 929 (Fla.1986). Fla.R.Crim.P. 3.510(b).
Nor can we agree with the appellant that the manner in which the jury was instructed warrants a reversal. First, the erroneous instruction made it harder for the state to obtain a conviction, because it required proof of a greater injury than would have been required to prove third degree child abuse. Hubbard v. State, 24 Fla. L. Weekly D2600 (Fla. 5th DCA 1999) (improper instructions not prejudicial because the instructions erroneously placed a higher burden of proof on the state). The error, accordingly, did not prejudice appellant.
Second, as we noted earlier, when the trial court recognized the error in the instruction and offered to correct it, appellant rejected that offer. When the court then indicated it would only sentence appellant for the lesser included if the jury found him guilty on the charge on which the court improperly instructed, appellant's counsel responded that there would be no prejudice and did not pursue the matter further. Any error was accordingly waived.
Appellant argues that the trial court made a sentencing error, citing the wrong statute. This error probably resulted from the obsolete jury instruction, discussed earlier in the opinion, but we agree with the state that the court's oral pronouncement, which was correct, controls over the scrivener's error. Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999). This error can be corrected on remand.
*481 Appellant argues that he could not have been sentenced as a violent career criminal, because he was not convicted of "any forcible felony, as described in s. 776.08," under our violent career criminal sentencing statute, section 775.084(1)(c)(1)a, Florida Statutes (1997). We reject this argument and agree with the state that appellant was convicted of a forcible felony.
We have considered the other errors raised by appellant and find them to be without merit. The sentences imposed pursuant to both the Habitual Felony Offender Act and the Prison Releasee Reoffender Act do not violate double jeopardy or the PRRA. Grant v. State, 770 So.2d 655, 25 Fla. L. Weekly S990 (Fla. Nov. 2, 2000). We therefore affirm appellant's conviction and remand to conform his sentence to the court's oral pronouncement.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In 1996, the legislature eliminated misdemeanor child abuse by moving it from section 827.04(2), Florida Statutes (1995) to section 827.03(1), Florida Statutes (1997), and making that crime a third degree felony. The legislature also made abuse where great bodily harm is inflicted, section 827.04(1), Florida Statutes (1995), previously a third degree felony, a second degree felony. § 827.03(2)(c). Ch. 96-322, § 8 at 1770, Laws of Fla. In 1999, it was redesignated a first degree felony. Ch. 99-168, § 16 at 951, Laws of Fla.
[2] No Florida case has characterized the parental privilege as an affirmative defense; however, we can see no distinction between the parental privilege and the privilege to enter a building, which is an affirmative defense to a burglary charge. Delgado v. State, 776 So.2d 233 (Fla. 2000) (citing State v. Hicks, 421 So.2d 510 (Fla.1982)).
[3] In Wilson the mother of a six year old was being prosecuted for a single open-handed slap across the face which left a red mark. Although we may not think that this should be criminalized, we cannot agree with the first district that, under the statutory scheme, Wilson could not have been guilty of third degree child abuse. Section 827.03(1)(a) makes the "intentional infliction of physical or mental injury" a third degree felony, and the legislature has not made an exception for the parental privilege.