794 So.2d 642 (2001)
STATE of Florida, Appellant,
v.
Randall Rogers WYNNE, Appellee.
No. 2D00-1379.
District Court of Appeal of Florida, Second District.
May 30, 2001.
*643 Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly Nolen Hopkins, Assistant Attorney General, Tampa, for Appellant.
Tracy Sheehan of Law Office of Tracy Sheehan, Tampa, for Appellee.
WHATLEY, Judge.
The State of Florida appeals an order dismissing a child neglect charge against Randall Rogers Wynne. We conclude that there was a factual basis supporting a prima facie case of child neglect and reverse.
Section 827.03(3)(a)(1), Florida Statutes (1999), defines neglect of a child as a "caregiver's failure or omission to provide a child with the care, supervision, and services necessary to maintain the child's physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child." Neglect may be based on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury to a child. § 827.03(3)(a)(2). To sustain a conviction for child neglect, the State is required to prove that the defendant "acted willfully or with culpable negligence in creating the situation or in permitting the suspect conditions to exist." Arnold v. State, 755 So.2d 796, 799 (Fla. 2d DCA 2000).
In the present case, Wynne alleged in his motion to dismiss that he was driving his two children and a neighbor girl home from school when his six-year-old son began fighting with the neighbor girl. Despite Wynne's continued admonitions to stop, his son continued to fight. Wynne stopped his vehicle on Hillsborough Avenue at the I-275 exit ramp and removed the six-year-old from the vehicle. Wynne then drove home. According to the State's *644 traverse, the boy began to cry hysterically. He then attempted to follow the van, walking across the I-275 exit ramp. Witnesses called "911" and held the boy until Wynne returned, which Wynne alleged was five minutes later.
We conclude that Wynne's actions constituted a prima facie case of child neglect. He failed to provide his six-year-old child with the supervision necessary to maintain the child's physical and mental health when he abandoned him on the side of Hillsborough Avenue. See § 827.03(3)(a)(1). Such supervision was essential for the well-being of the child, as this incident could reasonably be expected to result in serious physical or mental injury to the child. See Arnold, 755 So.2d at 799 (holding that the evidence must demonstrate that the defendant's act or omission created a potential risk of serious not minimalharm to the child). We would also note that the evidence establishes that Wynne acted willfully or with culpable negligence in creating this dangerous situation. Id.
In his motion to dismiss and in this appeal, Wynne argues that courts should extend the disciplinary privilege discussed in Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987), to cases involving child neglect. In Kama, 507 So.2d at 156, the court held that "a parent, or one acting in loco parentis, does not commit a crime by inflicting corporal punishment on a child subject to his authority, if he remains within the legal limits of the exercise of that authority."
In State v. McDonald, 785 So.2d 640 (Fla. 2d DCA 2001), this court held that the common law privilege for corporal punishment relied upon in Kama, 507 So.2d 154, was overruled by statute, as any such privilege is now defined and limited by the current statutory scheme. See Raford v. State, 792 So.2d 476 (Fla. 4th DCA 2001) (holding that the legislative changes following Kama eliminated the parental privilege recognized by Kama except for simple battery).[1] Therefore, the common law privilege for corporal punishment relied upon in Kama should not have been applied to the present case.
We further conclude that even if the parental privilege announced in Kama had not been overruled by statute, it would not apply to the crime of child neglect. The privilege was intended to apply to cases involving the intentional infliction of physical injury to a child and a parent's use of such to discipline a child. In contrast, the crime of child neglect involves a parent's failure to provide care, supervision, or services. It does not involve the intentional infliction of physical injury. Neither the legislature nor the courts have ever created a privilege that would allow parents to discipline a child by failing to provide the child with "food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child." § 827.03(3)(a)(1). Therefore, as the Florida Legislature has declined to provide for a parental privilege for corporal punishment in cases charging criminal child neglect, the trial court improperly relied on this privilege in dismissing Wynne's charge.
Accordingly, we reverse and remand for further proceedings.
THREADGILL, A.C.J., and CASANUEVA, J., concur.
NOTES
[1] The trial court did not have the benefit of State v. McDonald, 785 So.2d 640 (Fla. 2d DCA 2001), or Raford v. State, 792 So.2d 476 (Fla. 4th DCA 2001), as both cases were decided after the entry of the trial court order dismissing Wynne's charge.