GRIFFIN, J.
Defendant below, Gary Collins Jackson [“Jackson”], appeals pro se the lower court’s order denying his petition for writ of error coram nobis.
Jackson was charged by indictment with first-degree murder of a two-year-old child in August 1988. The jury found Jackson *595 guilty of first-degree murder as charged. The court sentenced Jackson to life imprisonment with a twenty-five year minimum mandatory. Jackson appealed the judgment and sentence in February 1989. This court affirmed in Jackson v. State, 557 So.2d 878 (Fla. 5th DCA 1990).
In February 1992, Jackson filed a motion for post-conviction relief, alleging: (1) counsel failed to object to the admission of out-of-court statements and failed to move for a suppression hearing; (2) counsel failed to object to the denial of a jury instruction on third-degree murder; (3) the State withheld exculpatory evidence; and (4) the trial court denied defense counsel’s motion for a statement of particulars. This motion was denied in March 1993. Jackson appealed the order denying his motion for post-conviction relief in April 1993. This court affirmed the order in Jackson v. State, 619 So.2d 969 (Fla. 5th DCA 1993).
Jackson then filed a second motion for post-conviction relief on December 10, 1998, alleging: (1) the court misunderstood his previous claim and failed to address the claim of ineffective assistance of counsel, and (2) counsel failed to argue in the motion for judgment of acquittal that he could not be convicted of felony murder where the state failed to charge the underlying felony in the indictment. On January 7, 1999, the trial court denied this second motion as being untimely and im-permissibly successive. He appealed the second denial of his motion for post-conviction relief to this court on March 4, 1999. This court affirmed the order in Jackson v. State, 731 So.2d 677 (Fla. 5th DCA 1999).
On March 6, 2001, Jackson filed a pro se amended petition for writ of error coram nobis. He claimed that the trial court erred by failing to give certain jury instructions or by giving erroneous instructions. He asserted that his claim was properly raised in a petition for writ of error coram nobis pursuant to Wood v. State, 750 So.2d 592 (Fla.1999). The trial court entered an order denying this petition, explaining:
In Wood, the Florida Supreme Court provided that all defendants previously adjudicated would have two years from the date the opinion was issued (May 27, 1999) within which to file Rule 3.850 motions raising claims traditionally cognizable under coram nobis. However, this did not mean that those defendants could use the new time period to breathe life into claims which would have been procedurally barred. Defendant’s allegations could have been, should have been, or actually were raised on direct appeal. They would have been procedurally barred in a motion for postcon-viction relief filed prior to Wood; therefore, they remain inappropriate in the instant petition.
We agree with the trial court that Jackson’s claims are not properly the subject of a coram nobis proceeding and are procedurally barred.
Jackson first argues the trial court erred because he was entitled to a jury instruction on child abuse as a lesser included offense of aggravated child abuse under the current statutory scheme. See Raford v. State, 828 So.2d 1012 (Fla.2002). Jackson asserts that the trial court erroneously relied on Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987) in denying his counsel’s request to give an instruction on child abuse as the lesser included offense of aggravated child abuse. Kama held that there were no lesser included offenses that apply to a parent or one acting as such charged with aggravated child abuse. However, the statutes were amended in 1988 to provide that a parent or one acting as such could be convicted of the lesser offense of felony child abuse. See Raford. *596 Since Jackson was tried in 1989, these amendments would have applied to his case. Nevertheless, because the change in law occurred in 1988, this issue is untimely raised.
Jackson next argues the trial court erroneously instructed the jury on the meaning of “maliciously” in light of recently revised jury instructions, citing Standard Jury Instructions in Criminal Cases, 824 So.2d 881 (Fla.2002). Prior to the change, the definition for malicious read “wrongfully, intentionally, without legal justification or excuse,” and following the revisions it read “done from ill will, hatred, spite or an evil intent.” This change in the language of the jury instruction was based on the definition of malice that had been used by the Florida supreme court in State v. Gaylord, 356 So.2d 313 (Fla.1978).
The Florida supreme court recently addressed this issue in Reed v. State, 27 Fla. L. Weekly S1045, 837 So.2d 366(Fla. 2002). The court held that the failure to use the correct definition of malice in the standard jury instruction was fundamental error in cases where the essential element of malice was disputed at trial. However, the court also stated:
To resolve the question of what eases this decision is to be applied to, we hold that this decision shall be retroactively applied to cases pending on direct review or not yet final ... The standard jury instruction used in the present case has been in use for more than twenty years. Retroactive application of the present case to final aggravated child abuse cases would require courts to revisit numerous final convictions and to extensively review stale records to determine if the malice element was disputed at trial. We therefore expressly limit retroactive application of our decision to nonfinal cases because applying this decision to final cases would have an adverse effect on the administration of justice. See Witt v. State, 387 So.2d 922 (Fla.1980); see also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
Since Jackson’s case became final in 1990, this change in the law cannot be retroactively applied to his case pursuant to Reed. Moreover, the definition of malice in Gay-lord has been Florida supreme court precedent since 1978. This claim is also untimely.
AFFIRMED.
PLEUS, J., and COBB, W., Senior Judge, concur.