835 So.2d 1264 (2003)
Gary Russell WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5028.
District Court of Appeal of Florida, First District.
February 3, 2003.
*1265 Nickolas G. Petersen, Shalimar, for Appellant.
Robert A. Butterworth, Attorney General and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Gary Russell Wright appeals a judgment of conviction for child abuse, a third degree felony under section 827.03(1), Florida Statutes (2000), based upon a spanking he administered to his then one year old daughter. Appellant argues that his conviction for child abuse is contrary to this court's decision in Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999), since it was undisputed that he was employing corporal punishment to discipline his minor child, since he raised the affirmative defense of parental privilege, see Nixon v. State, 773 So.2d 1213 (Fla. 1st DCA 2000), and since the trial court, sitting as trier of fact, found that the state had failed to prove "malicious intent" on his part.
While this appeal was pending, the supreme court released Raford v. State, 828 So.2d 1012, 1021 (Fla.2002), in which the supreme court held that there is no absolute immunity enjoyed by a parent or one standing in loco parentis, and thus, such a person may be convicted of felony child abuse under section 827.03(1). To the extent that this court's decision in Wilson held otherwise, that case was disapproved. Id. Because the Raford decision was released while the instant case was pending on direct appeal, Raford applies here. See Bunkley v. State, 833 So.2d 739, 743 (Fla. 2002); Smith v. State, 598 So.2d 1063 (Fla. 1992).
Accordingly, since the record shows that the trial court considered, but rejected, the defense raised by appellant that the spanking of the child was permissible corporal punishment by a parent, the conviction must be affirmed. Raford.
AFFIRMED.
BOOTH, BENTON and VAN NORTWICK, JJ., CONCUR.