479 So.2d 197 (1985)
STATE of Florida, Appellant,
v.
Michael Gregory BADALICH, Appellee.
No. 85-628.
District Court of Appeal of Florida, Fifth District.
November 21, 1985.
Rehearings Denied December 19, 1985.
*198 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
James Lien, Orlando, for appellee.
COBB, Chief Judge.
The State of Florida timely appeals an order from the circuit court which dismissed both counts of an amended information. The issue in this case, apparently of first impression in Florida, is whether the natural father of an illegitimate child can be criminally liable for either false imprisonment or interference with the lawful custody of that child.
Count one of the state's amended information charged the appellee, Michael Badalich, with false imprisonment of Nancy Marie Badalich, a child under the age of thirteen, in violation of section 787.02, Florida Statutes (Supp. 1984)[1] Count two charges Badalich with interference with custody in violation of section 787.03, Florida Statutes (1983).[2] Badalich filed a motion to dismiss the amended information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), based upon the following facts: (1) Badalich is the natural father of the one-year-old female child; (2) in September, 1984, Badalich moved the child with him to California; (3) at the time Badalich left for California with the child, there was no litigation or custody proceeding relating to the child pending in Florida or any other state. The state responded to Badalich's motion with a traverse, alleging that the child was born out of wedlock, that her natural mother is Mary Driggers, that no court has determined Badalich to be the father of Nancy, and that on September 19, 1984, Badalich took Nancy to California without the consent of Mary Driggers.
*199 At the hearing on the motion, the state conceded that Badalich is Nancy's biological father, but argued that he lacks the legal status of a married father in the absence of a judicial determination of parentage. The trial court granted the motion and explained its rationale in a detailed order, which provides in pertinent part:
ISSUES
I. BASED ON THE FACTS OF THIS CASE, IS THERE A LEGAL BASIS TO CHARGE THE DEFENDANT WITH A VIOLATION OF FLA. STAT. 787.02, FALSE IMPRISONMENT, and FLA. STAT. 787.03, INTERFERENCE WITH CUSTODY?
The State argues that the child was in the lawful custody of the mother, MARY L. DRIGGERS. See Fla. Stat. 744.301(1). The State also argues that Fla. Stat. 744.361(2) gives the mother guardianship of the person, as well as the property of the child. Therefore, the mother has sole custody of the child.
The State's basis for this argument is that there has been no legal determination by any Court that the Defendant is the natural father of the child. The State does not deny that he is the natural father. In fact, in both the civil case and the criminal case, MARY DRIGGERS, has indicated that the Defendant is the natural father of the child.
According to the law, the Defendant can be made to provide support for the child. See Fla. Stat. 856. Further, the Defendant may be brought into the Court, made to pay child support, and if he fails, will be incarcerated for contempt of Court.
The child may inherit from the estate of the father. If the mother dies, or becomes incapacitated, the father can, without order of Court, assume all of the responsibilities ... of parenthood. That is, he may provide home, finances, clothing and food for the minor child. All of this is without legal acknowledgment of his paternity.
The State does not contest the fact that the Defendant is the natural father. The State admits this. The State simply argues that, because there has been no legal determination, the father in this case stands in a separate and distinct class from a father that has been legally recognized by Court order or by a marriage certificate. This Court does not accept that position.
This Court simply finds, that based on the facts of this case, where all the indicia of parenthood, whether sanctioned by the law or not, have been met, Defendant stands before the Court as a parent of the child. The facts of this case further indicate that it was the intent of the two adults in this case that they set up all of the indicia of a married household. Monies and funds generated by one parent was shared with the other. They both shared the same quarters or facilities, and they both had access to the child. The child was unaware of the legal status, or lack of legal status, of the natural father.
In this day and time when the bonds of matrimony may or may not be joined before the creation of the minor child, it is folly to believe that one parent should be held criminally liable under these two statutes.
The Court does not condone the behavior of the Defendant. The Court simply finds that the appropriate remedy is in the Civil Court and not in the Criminal Court.
We have no problem in agreeing with the trial court's dismissal of the false imprisonment charge. This is so because section 787.02(1)(b) clearly requires that the confinement contemplated by this charge must be without the consent of the child's "parent or legal guardian." (Emphasis added.) It does not say both parents must consent. In this instance, one parent, the father, obviously did consent to the alleged confinement, i.e., the trip to California. Hence, the dismissal of the false imprisonment charge, a felony, is affirmed.
*200 The problem with the misdemeanor charge of interference with lawful custody is a different matter. Chapter 744 of the Florida Guardianship Law entrusts custody of a child born out of wedlock to the mother. Section 744.301(1), Florida Statutes (1983), states, "The mother of a child born out of wedlock is the natural guardian of the child." Section 744.102(1) defines the term "guardian" as "one to whom the law has entrusted the custody and control of the person or property, or both, of an incompetent." Since the mother of a child born out of wedlock is its natural guardian, and a guardian is one to whom the law has entrusted lawful custody, anyone without that lawful custody, including a natural parent, can be guilty of interference under section 787.03. The wording of section 787.03(1) refers to lawful custody, and it is apparent that the legislature, in enacting this proscription against interference with that custody, intended this misdemeanor offense for the protection of such custodian. There is no exemption in the statute for parents. Absent a court order, the father of an illegitimate child has no legal right to custody as against the child's mother, and it is a misdemeanor for him to interfere with that custody. Therefore, the lower court erred in dismissing count two of the state's amended information which charged the appellee with the misdemeanor offense of interference with custody.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
UPCHURCH and COWART, JJ., concur.
NOTES
[1] Section 787.02, Florida Statutes, reads as follows:

False imprisonment. 
(1)(a) "False imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.
(b) Confinement of a child under the age of 13 is against his will within the meaning of this section if such confinement is without the consent of his parent or legal guardian.
(2) Whoever commits the offense of false imprisonment shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 787.03, Florida Statutes reads, in pertinent part, as follows:

Interference with custody. 
(1) Whoever, without lawful authority, knowingly or recklessly takes or entices any child 17 years of age or under or any incompetent person from the custody of his parent, guardian, or other lawful custodian commits the offense of interference with custody and shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.