547 So.2d 1246 (1989)
Michael John MOAKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1244.
District Court of Appeal of Florida, Fifth District.
August 3, 1989.
Rehearing Denied September 1, 1989.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in an aggravated child abuse case. The jury determined that appellant committed this offense by malicious punishment of his eight-year-old daughter after the trial court denied his motion for judgment of acquittal. See § 827.03(1)(c), Fla. Stat. (1987).[1] In denying the motion the trial judge was explicit in his concern for the vagueness of the statute. He declared it was a question which needed to be decided on appeal and said "... it's not something that I should do here ..." Given that there was no direct constitutional challenge as to vagueness or overbreadth we agree the trial judge was in a difficult position to try to define in more exact terms what it takes to violate a statute which proscribes conduct in such nonobjective wording.
The incident for which appellant stood trial centered around an incident in the home where appellant struck his daughter on the buttocks and right hip with the leather portion of his belt. The question on appeal is whether the striking of the child was done in a manner violative of the statute. The statute proscribes malicious punishment, among other acts not pertinent in this case.
The facts reveal that appellant called the Department of Health & Rehabilitative Services to report that his daughter was ungovernable and to request that she be removed from the home. The counselor suggested that he contact his mental health counselor for help and that he control his daughter by withdrawing privileges. A short time later an H.R.S. counselor responded to a complaint from the child abuse registry involving appellant. The *1247 counselor went to the home and found the child standing next to the wall; she was crying and her pants were wet. Upon examining her he found bruise marks on her buttocks and right hip. Appellant told the counselor that he had spanked his daughter with a leather belt because of a behavior problem. He asked the counselor to take the child from the home. As the child left with the counselor, appellant told her that he loved her and that he wanted her to leave so that he would not hurt her.
Case law in this area of the law is sparse but the precise question is one concerning when the boundary between permissible punishment or discipline is crossed and the area of maliciousness is entered. In Kama v. State, 507 So.2d 154, 156 (Fla. 1st DCA 1987), the court found that parental discipline exceeds permissible limits when it is "motivated by malice" "inflicted upon frivolous pretenses," "excessive, cruel or merciless" or has caused "`great bodily harm, permanent disability, or permanent disfigurement.'" In State v. Gaylord, 356 So.2d 313, 314 (Fla. 1978), the supreme court defined malice as used in the context of the aggravated child abuse statute to mean "ill will, hatred, spite or an evil intent." This state of mind is also required to convict a defendant of depraved-mind second-degree murder. See Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989). In Ellison, the court found no evidence that the defendant's actions were motivated by ill will, hatred, spite or an evil intent and reduced his murder conviction to manslaughter. There is no evidence in this case that appellant was acting out of malice, which element must be proved under the statutory definition. Further, there is a lack of evidence here to establish that the actions of appellant were cruel or merciless or so excessive as to warrant a criminal conviction. The term excessive, as used by the Kama court, is rather vague and like other such terms is often definable as "in the eyes of the beholder." Such a circumstance cannot be permitted to exist in the law, especially the criminal law, so we border on rejecting this as a criterion of proof. We do not, however, reject it because some actions can be so clearly excessive or so clearly not excessive that "reasonable persons would not differ" on the findings. Here, there is no evidence that great bodily harm, a term almost as vague as excessive, or permanent disability or permanent disfigurement were inflicted upon this child. Perhaps appellant struck his daughter too hard and that needs to be stopped and, if possible, corrected. Some persons hold the belief that children should never be struck for punishment, others (including many county school boards) feel that corporal punishment is a necessary tool to maintain proper discipline. The fact that there are differing opinions among rational people leads to the conclusion that before criminal sanctions can be imposed more careful consideration of the surrounding facts must be given to determine whether a crime has been committed. One can contrast this statute with robbery or burglary or sexual battery and see that this statute is, and should be, more difficult to prove; the law should be quite careful about intrusion into family relationships and must tread most lightly in borderline cases. This can be called such a borderline case and it is our considered judgment that the state has failed to establish that appellant crossed the line. The conviction must be reversed. See Eddy v. State, 510 So.2d 969 (Fla. 5th DCA 1987).
REVERSED.
COBB and COWART, JJ., concur.
NOTES
[1] 827.03 Aggravated child abuse. 

(1) `Aggravated child abuse' is defined as one or more acts committed by a person who:
* * * * * *
(c) Maliciously punishes a child; or ...