637 So.2d 3 (1994)
Charles JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-356.
District Court of Appeal of Florida, Third District.
April 26, 1994.
Rehearing Denied June 14, 1994.
William M. Norris, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Randall Sutton, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON, and LEVY, JJ.
PER CURIAM.
Charles Johnson appeals from a judgment of conviction and sentences for two counts of kidnapping. We affirm in part and reverse in part.
On March 13, 1992, Johnson entered the bedroom of his girlfriend, Katrina Swasey, in the home of her parents. Katrina was asleep at the time with their one-year-old child, Tinequa. Although Johnson and Katrina never married and paternity was never formally adjudicated, all parties concede that Johnson is Tinequa's biological father. Johnson apparently was upset that Katrina had moved out of his house and had taken Tinequa with her. Johnson forced Tinequa and Katrina to leave with him.
Johnson was arrested and charged with, among other things, one count of kidnapping Katrina and one count of kidnapping Tinequa. At trial, Johnson argued that he could not be found guilty of kidnapping Tinequa as he was her biological parent. Section 787.01(1)(a), Florida Statutes (1991) provides: "The term `kidnapping' means forcibly, secretly, or by threat confining ... another person against his will... ." With regard to children, section 787.01(1)(b) further defines confinement: "Confinement of a child under the age of 13 is against his will within the meaning of this subsection if such confinement is without the consent of his parent or legal guardian."
The jury found Johnson guilty of the kidnapping charges. The original sentencing guidelines computed by the state showed a recommended range of 9 to 12 years per count and a permitted range of 7 to 17 years per count. The trial court found no reason to depart and sentenced Johnson to two concurrent 15-year sentences. Thereafter, the state determined that it had erred in computing the guidelines and that the actual permitted sentencing range was between 5 1/2 years and 12 years per count. The trial court then found that there was, in fact, reason to depart and imposed the same 15-year concurrent sentences. Johnson appeals.
We reverse Johnson's conviction for kidnapping Tinequa because, as her natural *4 father, he cannot be held criminally liable under section 787.01(1)(b). See State v. Badalich, 479 So.2d 197 (Fla. 5th DCA 1985). In Badalich, the court held that the natural father of a child cannot be criminally liable for false imprisonment of that child. Id. at 199.[1] The false imprisonment statute which the fifth district construed contains language identical to that of the kidnapping statute.[2] The fifth district determined that the false imprisonment statute "clearly requires that the confinement contemplated by this charge must be without the consent of the child's `parent or legal guardian.' (Emphasis added.) It does not say both parents must consent." Id.
We agree with the fifth district's reasoning as expressed in Badalich and hold that a biological parent cannot be convicted of kidnapping his own child under section 787.01(1)(b).[3]See also People v. Algarin, 200 Ill. App.3d 740, 146 Ill.Dec. 494, 558 N.E.2d 457 (biological father could not be convicted of kidnapping his 11-year-old daughter), appeal denied, 133 Ill.2d 560, 149 Ill.Dec. 325, 561 N.E.2d 695 (1990); William B. Johnson, Annotation, Kidnapping Or Related Offense By Taking Or Removing Of Child By Or Under Authority Of Parent Or One In Loco Parentis, 20 A.L.R. 4th 823, 827 (1983) (In absence of a court order awarding custody, "[t]he general rule is that a parent cannot be found guilty of kidnapping or a similar crime for taking his child from the other parent... ."); compare State v. Viramontes, 163 Ariz. 334, 788 P.2d 67, 70 (1990) (where defendant's purpose in taking his own child was to further the commission of a separate felony, he was properly charged with kidnapping). We find no merit in Johnson's appeal as to his conviction for kidnapping Katrina, and affirm.
As to the sentencing issues, the trial court properly departed from the corrected scoresheet's permitted range of 5 1/2 years to 12 years and imposed a 15-year sentence for the kidnapping of Katrina. See Roberts v. State, 547 So.2d 129, 131 (Fla. 1989) ("[I]t is proper for the judge to reconsider whether a departure from the guidelines is appropriate when the corrected guidelines scoresheet is before him on remand.") Furthermore, the trial court entered contemporaneous written findings that specifically set forth the reasons for departure. We find these reasons valid and sufficient to support the departure. See Keys v. State, 500 So.2d 134 (Fla. 1986) (trial court properly departed from the sentencing guidelines upon a showing of defendant's escalating pattern of violent conduct).
In sum, we reverse the judgment of conviction for kidnapping Tinequa. We affirm the judgment of conviction for kidnapping Katrina, and the resulting sentence.
Affirmed in part; reversed in part.
NOTES
[1] We note that the trial judge decided this case without having been apprised of Badalich as neither the state nor the defense cited it at trial.
[2] Section 787.02, Florida Statutes, provides in pertinent part: "False imprisonment  ... (b) Confinement of a child under the age of 13 is against his will within the meaning of this section if such confinement is without the consent of his parent or legal guardian."
[3] We express no opinion as to whether Johnson could have been convicted of interference with custody under section 787.03, as he was not charged with that crime. In Badalich, the court held that a natural father could be convicted of interference with lawful custody as there was no exception in the statute for parents. 479 So.2d at 200.