641 So.2d 489 (1994)
Rodney Pierre LOWERY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2447.
District Court of Appeal of Florida, Fifth District.
August 19, 1994.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Rodney Pierre Lowery appeals his conviction of aggravated child abuse, a second degree felony. We affirm.
Lowery and his wife allowed the seven year old boy who was punished in this case, along with the boy's mother and sisters, to reside in their home when the boy's father died. The mother authorized Lowery to discipline her children when she was present.
The boy misbehaved at school and was disrespectful to his teacher. Consequently, Lowery punished the boy in the presence of the residents of his home by striking him on the thigh, leg and buttock areas at least three times with an electrical extension cord. This form of discipline caused multiple linear lesions defined by a physician who testified at trial as bruise marks, blue in color, configured in the shape of straight lines and hoops. The physician observed at least 15 of these marks and opined that the hoop marks could have been inflicted by any object hooked over into a loop, such as an extension cord, a switch or a narrow belt. Lesions overlying the buttocks were scabbed over and the physician believed that it was more likely than not that blood was drawn as a result of the strike of an object. Two keloids were also observed that were from injuries predating the lesions. The physician testified that keloids are scars formed in the healing process when tissue "heap[s] up and pile[s] on itself producing a lump ... in place of a scar." When asked whether the lesions would lead to permanent scarring or permanent disfigurement, the physician responded:
Since this child has established himself as a keloid former, that's a child who tends to develop keloids in response to a scar, in response to an injury, some of the lesions will leave permanent marks such as those pointed out in [one of the state's exhibits].
*490 Lowery contends that the trial court erred by denying his motion for judgment of acquittal and cites Moakley v. State, 547 So.2d 1246 (Fla. 5th DCA 1989) in support of his position. In Moakley, the defendant struck his eight year old daughter with the leather portion of his belt to discipline her for her behavioral problem. When an HRS worker responded to the defendant's own call, the child was found crying next to a wall with her pants wet. Upon examination, bruise marks were found on her buttocks and right hip. At trial, no evidence was presented that the child experienced great bodily harm, permanent disability or permanent disfigurement. The precise question addressed by the court was stated to be "one concerning when the boundary between permissible punishment or discipline is crossed and the area of maliciousness is entered." After commenting that "the law should be quite careful about intrusion into family relationships and must tread most lightly in borderline cases," this court reversed the conviction because the facts were borderline and because the state failed to establish that Moakley crossed the line between permissible and impermissible punishment.
The evidence in the instant case, unlike the evidence in Moakley, indicates that the seven year old boy suffered a permanent disfigurement because of the disciplinary strikes applied by Lowery. The evidence also indicates that blood was likely drawn as a result of the strikes. This evidence removes the case from the borderline situation present in Moakley and removes it from a situation in which the trial court could grant Lowery's motion for acquittal. The trial court properly followed the procedure set forth in Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987):
It is not possible to legislatively lay down any fixed parameters of "reasonable discipline" of a child. Whether in any particular case the punishment inflicted was permissible or excessive must necessarily depend on the age, condition, and disposition of the child, as well as the attendant circumstances. This determination must be made by the jury under proper instruction.
Id. at 158-159. The action taken by Lowery was properly submitted to the jury which determined that Lowery crossed the line between permissible discipline and impermissible punishment.
The appellant's conviction and sentence are affirmed.
AFFIRMED.
GRIFFIN and DIAMANTIS, JJ., concur.