[No. E022643. Fourth Dist., Div. Two. Mar. 30, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL GEORGE CHECKETTS, Defendant and Appellant.

## COUNSEL

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary Schons, Assistant Attorney General, Melissa A. Mandel and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McKINSTER, J.**—Defendant Paul George Checketts appeals his conviction under Penal Code section 236[1] for false imprisonment of his daughter A. He contends that, as a matter of law, he cannot be convicted of false imprisonment of his child because, as a parent, he has a right to detain his child at a particular location for any reason. He further contends that the trial court erred by failing to sua sponte instruct the jury that a parent may detain or restrain his child if it does not result in direct injury or harm to the child.

We hold that a parent is not immune from criminal prosecution for false imprisonment of his child where the act of confinement is done with an intent to endanger the health and safety of the child, or to achieve an unlawful purpose, because such an act exceeds the scope of parental authority. We also find no merit in defendant's instruction error claim and affirm the judgment.

### STATEMENT OF FACTS

The facts of the offense are not in dispute. Defendant continuously abused his wife and their minor children, claiming that he had a religious duty to

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

discipline his family. He physically abused his wife so severely that he killed her unborn fetus.

Defendant was charged with the second degree murder of a fetus (§ 187), eighteen counts of infliction of corporal injury on a spouse (§ 273.5, subd. (a)), eleven counts of felonious child abuse (§ 273d, subd. (a)), two counts of misdemeanor child molestation (§ 647.6) and one count of felony false imprisonment (§ 236). It was also alleged that one of the felony child abuse counts was committed with the intent to inflict great bodily injury and that defendant actually inflicted great bodily injury.

After a jury trial, defendant was convicted of all charges except one of the misdemeanor child abuse charges, which was dismissed in the interests of justice. The jury also found that the great bodily injury allegation was true.

Defendant was sentenced to a 12-year determinate term to be followed by an indeterminate term of 15 years to life.

Defendant timely appealed.

DISCUSSION

I.

*Parental Immunity From Prosecution for False Imprisonment of His Own Child*

■ Defendant contends that, as a matter of law, he cannot be convicted of false imprisonment of his child because he has a right to control his own child. The People respond that the defense of parental authority does not apply in this case because defendant detained the child for the purposes of avoiding prosecution for child abuse.

The following evidence was adduced at trial. Defendant's daughter, A., testified that shortly after defendant and his family moved from their house into an apartment, he severely beat her, leaving serious bruises on her eyes and face. She also testified that since a social worker was scheduled to come for a home visit, defendant ordered A. to go into the attic and remain there because he did not want the social worker to see A.'s injuries. A. further testified that she had to stay in the attic for a couple of days.

Defendant testified and admitted that he beat A. shortly after the move into the apartment. He ordered her to go into the attic so that neither the

social worker nor neighbors could see A.'s bruises because he "didn't want to go to jail."

■ In order to secure a conviction for a violation of section 236, the prosecution had to prove beyond a reasonable doubt the following elements of the crime: "1. A person intentionally restrained, confined, or detained another person, compelling [her] to stay or go somewhere; 2. The other person did not consent to the restraint, confinement, or detention; and 3. The restraint, confinement or detention was accomplished by violence or menace." (CALJIC No. 9.60 (6th ed. 1996 bound vol.).)

■ Defendant concedes that the question of whether a parent can be prosecuted for false imprisonment of his own child is an issue of first impression in California. Nevertheless, he points to our decision in *People* v. *Whitehurst* (1992) 9 Cal.App.4th 1045 [12 Cal.Rptr.2d 33], as an appropriate analogy to support his contention that his confinement of A. in the attic does not constitute false imprisonment as a matter of law. In *Whitehurst*, we held that defendant, who was prosecuted for battery of his child, was entitled to a sua sponte instruction that a parent had a right to discipline his child. (*Id.* at p. 1051.)

In our view, *Whitehurst* does not support defendant's broad claim of parental immunity. One of the prima facie elements of false imprisonment is *unlawfulness* of the confinement. (CALJIC No. 9.60.) Since it is well established that parents have a right to reasonably discipline their children by punishing them (*People* v. *Whitehurst, supra,* 9 Cal.App.4th at p. 1050; *In re Edward C.* (1981) 126 Cal.App.3d 193, 202 [178 Cal.Rptr. 694]), reasonable acts of discipline, including confinement to a particular location for disciplinary purposes such as sending a child to his or her room, would not be false imprisonment, as they would constitute lawful exercise of parental authority. (§ 236.) However, not all parental acts of discipline against their children are lawful. Contrary to defendant's suggestion, our decision in *Whitehurst* never gave parents absolute immunity from criminal prosecution for criminal battery of their children. We expressly stated in *Whitehurst* that the right to control the child for disciplinary purposes was not absolute and that "a parent who willfully inflicts *unjustifiable* punishment is not immune from either civil liability or criminal prosecution." (*People* v. *Whitehurst, supra,* 9 Cal.App.4th at p. 1050, italics in the original.) At most, our decision in *Whitehurst* stands for the proposition that defendants prosecuted for battery of their children may assert parental authority as a defense. (*Id.* at p. 1051.)

California courts have also declined to give parents broad immunity from prosecution for other crimes committed against their children. For example,

in *People* v. *Senior* (1992) 3 Cal.App.4th 765, 780-781 [5 Cal.Rptr.2d 14], our colleagues from the Sixth District held that while a parent ordinarily may not be convicted of kidnapping his own child, the defendant's right to physical custody of the child ended when he exercised it for an unlawful purpose, and he was, therefore, subject to prosecution for kidnapping. The court reasoned that since the parent took custody of his daughter to sexually molest her, he was divested of his right to custody by virtue of his unlawful act. (*Ibid.*) Also, in *People* v. *Rios* (1986) 177 Cal.App.3d 445, 451 [222 Cal.Rptr. 913], our colleagues from the First District held that a parent may be convicted of stealing his own child in violation of section 278.

Nothing in the plain language of section 236 prevents the prosecution of parents for false imprisonment of their children.[2] Furthermore, since parental disciplinary acts are not absolutely immune from prosecution for criminal battery (*People* v. *Whitehurst, supra,* 9 Cal.App.4th at p. 1050), kidnapping (*People* v. *Senior, supra,* 3 Cal.App.4th at pp. 780-781), and child stealing (*People* v. *Rios, supra,* 177 Cal.App.3d at p. 451) we see no justification for absolute immunity from prosecution for false imprisonment. In our view, parental actions done with the intent to endanger or injure the child are patently in excess of parental authority and are not entitled to immunity from prosecution. Therefore, we hold that a parent, who confines his child with the intent to endanger the health and safety of the child or for an unlawful purpose, can be prosecuted for false imprisonment.[3]

Several decisions from other jurisdictions are consistent with our conclusion and fully address defendant's concern that it would be impossible for the courts to draw the line between lawful and unlawful exercise of parental authority based on the parent's subjective intent. For example, in *State* v. *Teynor* (1987) 141 Wis.2d 187, 198 [414 N.W.2d 76, 79-80], the Wisconsin Court of Appeal concluded that a parent may be prosecuted for false imprisonment of his child when the parent acts in excess of his lawful authority. The court noted that "parental status affords only a privilege which may be asserted as a defense to prosecution for any crime by a parent against his or her child," not an absolute immunity from criminal prosecution. (*Id.* at p. 200 [414 N.W.2d at p. 80].) Also, in *People* v. *Walker* (1985) 130 Ill.App.3d 58, 60 [85 Ill.Dec. 396, 473 N.E.2d 995, 97], the Appellate Court of Illinois held that a parent, who detained his son for three hours before attempting to commit suicide, was not absolutely immune from

---

[2]Section 236 states the following: "False imprisonment is the unlawful violation of the personal liberty of another."

[3]Our decision does not preclude defendants from asserting parental authority as a defense to false imprisonment charges.

prosecution for the crime of unlawful restraint against the child.[4] The court reasoned that such an act was unreasonable and outside the scope of lawful parental authority. (*Id.* at p. 61 [473 N.E.2d at p. 997].) In affirming the defendant's conviction, the court observed that while parents have very broad authority in disciplining their children, including detention for purposes other than punishment, they have to exercise it in a reasonable manner.[5] (*Id.* at p. 61.)

It is evident that the majority of other states draw the distinction between lawful and unlawful acts of parental authority by deeming acts of restraint or confinement, which are committed with the intent to harm the child or with the intent to achieve an unlawful purpose, to be outside the scope of lawful parental authority. In our view, such a distinction is appropriate and can be easily enforced because defendants are free to introduce evidence of (1) their intent in confining or restraining the child, and (2) the reasonableness of the restraint or confinement in support of the defense of parental authority against charges of false imprisonment.

Turning to the facts of this case, defendant admitted that he sent A. to the attic to prevent the social worker and a concerned neighbor from seeing her bruises and reporting him to authorities. Moreover, defendant never introduced evidence that he had any proper purpose, other than his improper desire to avoid prosecution, in confining A. to the attic. Since defendant admittedly acted with an unlawful purpose of avoiding prosecution, he can properly be prosecuted for false imprisonment.

---

[4]In Illinois, the offense of unlawful restraint has replaced the offense of false imprisonment. (*People* v. *Walker, supra,* 130 Ill.App.3d at p. 60, fn. 1 [473 N.E.2d at p. 997].)

[5]Several other jurisdictions have reached similar conclusions with respect to prosecution of parents for kidnapping on the grounds that defendants acted in excess of their parental authority. (See, e.g., *Byrd* v. *United States* (D.C. 1997) 705 A.2d 629, 634 [parent can be prosecuted for kidnapping of his child where parent engaged in separate felonious conduct during the offense, which endangered the life and health of the child]; *Lafleur* v. *State* (Fla.Dist.Ct.App. 1995) 661 So.2d 346, 349 [parent can be prosecuted for kidnapping of his child because he acted with an unlawful purpose and exceeded the scope of parental authority]; *State* v. *Siemer* (Iowa 1990) 454 N.W.2d 857, 864 [parent can be prosecuted for kidnapping of his child where he confined or removed the child in order to sexually abuse the child or subject it to physical injury]; *State* v. *Viramontes* (1990) 163 Ariz. 334, 336 [788 P.2d 67, 69] [parent can be prosecuted for kidnapping of his child where he removes the child with an intent to abandon it]; *State* v. *Alladin* (Minn.Ct.App. 1987) 408 N.W.2d 642, 647 [parent can be prosecuted for kidnapping for taking his own child hostage].) While Florida and Arizona courts have previously immunized parents from criminal prosecution for false imprisonment of their children (*State* v. *Lawrence* (1983) 135 Ariz. 569, 571 [663 P.2d 561, 563]; *State* v. *Bagdalich* (Fla.Dist.Ct.App. 1985) 479 So.2d 197, 199), the recent trend in both jurisdictions is to allow prosecution of parents for kidnapping of their children on the ground that parents exceeded the scope of their lawful authority. (*State* v. *Viramontes, supra,* 163 Ariz. at p. 338 [788 P.2d at p. 71]; *Lafleur* v. *State, supra,* 661 So.2d at p. 349.)

## II.

### *Failure to Instruct on Parental Right to Detain Child*

■ Defendant also contends that the trial court erred by not sua sponte instructing the jury that a parent may reasonably detain his child at a particular location as long as the detention does not result in a direct injury or harm. The People respond that the trial court had no duty to instruct on the parental right to detain because defendant introduced no evidence that he detained A. for disciplinary purposes.

It is well settled that the trial court has a sua sponte duty to instruct on a particular defense " 'only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such defense and the defense is not inconsistent with the defendant's theory of the case.' " (*People* v. *Breverman* (1998) 19 Cal.4th 142, 157-158 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Here, defendant did not introduce any evidence that his confinement of A. was a reasonable exercise of parental authority. On the contrary, he admitted that he sent her up to the attic for a patently unlawful purpose, i.e., to avoid prosecution. Furthermore, defendant concedes that he did not rely on this defense during trial. Since defendant neither presented substantial evidence in support of his defense of parental authority nor relied on this defense during trial, the trial court was under no obligation to instruct the jury on the parental right to control their children. (*People* v. *Breverman*, *supra*, 19 Cal.4th at pp. 157-158.)

### DISPOSITION

The judgment of the trial court is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 30, 1999.