784 So.2d 535 (2001)
Robert CORSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-95.
District Court of Appeal of Florida, Fifth District.
May 4, 2001.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Robert Corsen appeals his conviction for felony child abuse in violation of section 827.03(1), Florida Statutes (1998). Corsen argues that a parent, or one in parental authority, is exempt from prosecution under the felony child abuse statute if the alleged abuse arises when disciplining a child. Because Corsen failed to present that argument in the trial court, we conclude that he is precluded from raising the issue on appeal and affirm his conviction.
J.B., a nine year old boy, his mother, Suzette Buzzard and Corsen, her paramour, shared a home in St. Johns County, Florida. They had been living together as a family since August, 1997. On December 16, 1998, Buzzard whipped J.B. on the buttocks three or four times with a leather belt because she believed that J.B. had lied to her, gotten in trouble at school and failed to study his spelling assignment. *536 Buzzard then gave the belt to Corsen who whipped J.B.'s buttocks about fifteen times. Several days later, J.B. showed his badly bruised buttocks to his grandfather who photographed the injuries and reported the incident to the child abuse hotline. The next day, J.B. was interviewed, and his injuries photographed, by a child protective investigator with the Department of Children and Families and a St. Johns County sheriff's office detective. After the authorities concluded their investigation, Corsen was charged with felony child abuse in violation of section 827.03(1), Florida Statutes (1998).[1]
Corsen argues that his conviction should be reversed because his conduct was privileged. More specifically, he argues that Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987) created a privilege for a parent, or one in parental authority, to administer corporal punishment to a child subject to his or her authority, provided that such discipline remains within the legal limits of the exercise of that authority. Id. at 155. Accord Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999). Put another way, Corsen argues that child abuse (but not aggravated child abuse) by a parent, or one acting in parental authority, is a non-existent crime. We do not agree. As the First District recognized in Nixon v. State, 773 So.2d 1213, 1215 (Fla. 1st DCA 2000):
Child abuse as applied to a parent is not a non-existent crime. This court's decision in Wilson recognized that a parent, or one in parental authority, such as appellant, enjoys a privilege of corporal punishment. Wilson, 744 So.2d at 1240; see also Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987). Thus, it is not that simple child abuse by a parent is a nonexistent crime, rather, there is a parental privilege which may be asserted as an affirmative defense in a prosecution for simple child abuse.
The parental privilege to administer corporal punishment is an affirmative defense. An affirmative defense is waived if not asserted. See Collier v. Parker, ___ So.2d ___, 2001 WL 245763, 26 Fla. L. Weekly D762 (Fla. 1st DCA Mar. 14, 2001); see also People v. Checketts, 71 Cal.App.4th 1190, 84 Cal.Rptr.2d 491, 494 (4th Dist. 1999). By failing to assert the defense at trial, Corsen waived it.[2]
At trial, Corsen did not assert any claim of parental privilege; rather, while admitting that he whipped J.B., his defense was that he did not intend to injure him. Apparently, the jury found this defense unpersuasive. As we observed in Moakley v. State, 547 So.2d 1246, 1247 (Fla. 5th DCA 1989), it is difficult to clearly delineate the boundary between reasonable and unreasonable punishment or discipline. However, because that issue was not presented to the jury in this case, we need not address it.[3]
Finding no error, Corsen's judgment is affirmed.
AFFIRMED.
*537 HARRIS, J., concurs.
GRIFFIN, J., concurs in result only.
NOTES
[1] Charges of felony child neglect were brought against Buzzard. That case is not part of this appeal.
[2] Corsen's argument also fails to recognize that after Kama was decided in 1987, the Legislature significantly amended the child abuse statute. Because we conclude that Corsen waived any parental privilege defense he may have had in the instant case, we need not decide the precise implications, if any, of the 1988 and 1996 revisions to the child abuse statute on the parental privilege. We do, however, note Judge Klein's interesting discussion of this point in Raford v. State, 2001 WL 40265, ___ So.2d ___, 26 Fla. L. Weekly D246 (Fla. 4th DCA Jan. 17, 2001).
[3] Having reviewed the photographs of J.B.'s injuries that were considered by the jury, we have no difficulty in finding that the discipline in this case was excessive.