FILED

JAN 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADOLFO ROMO MARTINEZ, | No. 06-15025 |
| Petitioner - Appellant, | D.C. No. 1:03-cv-05180-OWW-WMW |
| v. | |
| DAVID L. RUNNELS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted January 11, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and SILVERMAN, Circuit Judges.

The California Court of Appeal thoroughly reviewed the evidence and held

it sufficient to uphold Matinez's conviction for felony false imprisonment. *See*

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The court stated that witnesses

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

testified that Martinez was upset about the child support order that Anguiano had obtained against him; he had aggressively sought to track her down to confront her about his paternity of the children and her requests for orders of financial assistance; and he had threatened and been violent with her on previous occasions when discussing these issues. Approximately 10 p.m. on the night of her disappearance, before temporarily leaving her apartment and her two young children to walk her friend outside, Anguiano told her cousin that she would be right back. Before returning, Anguiano encountered Martinez. Witnesses saw Anguiano speaking with Martinez for at least forty-five minutes, standing with her back to the wall, her eyes downcast, and arms folded, while he stood directly in front her with both of his hands against the wall, badgering her to answer his questions. No witness saw Anguiano after 10:45 p.m. The California Court of Appeal concluded that given Martinez's prior acts of domestic violence, "[i]t could be inferred from the circumstantial evidence that [Martinez] used either violence or menace, i.e., verbal threats of again inflicting harm to [Anguiano], to prevent her from returning to her apartment until she answered the questions he was posing." *People v. Martinez*, No. F036712, 2002 WL 749398, *46 (Cal. Ct. App. Apr. 29, 2002); *see People v. Checketts*, 84 Cal. Rptr. 2d 491, 493 (Cal. Ct. App. 1999). This decision is not based on an unreasonable determinable of the facts, nor is it

contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d); *see Jackson*, 443 U.S. at 319.

Martinez also presents uncertified issues in his opening brief. He alleges that his second degree murder conviction was based upon insufficient evidence and that the trial court erred in giving jury instruction CALJIC 2.50.02 and admitting evidence of his prior threats against Anguiano. To expand the certificate of appealability to include these issues, Martinez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). He has not done so. Because reasonable jurists would not find any of the uncertified issues debatable, we decline to expand the certificate of appealability.

AFFIRMED.